**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**(WORCESTER COURTHOUSE)**

| | |
|---|---|
| ARIAH GOODINE<br>c/o Formisano & Company<br>100 Midway Place, Suite 1<br>Cranston, Rhode Island 02920 | * <br> * <br> * <br> * <br> * |
| And | * <br> * |
| DESERAY PINA | * |
| *On Behalf of Themselves and All*<br>*Other Similarly Situated Individuals* | * <br> * <br> * |
| PLAINTIFFS[1], | * <br> * |
|   v. | *  Case No.: <br> * |
| YE OLDE LAMPLIGHTER II, INC.<br>187 SW Cutoff<br>Worcester, Massachusetts 01604 | * <br> * <br> * <br> * |
| SERVE:    Steven Nataupsky<br>              187 Southwest Cutoff<br>              Worcester, Massachusetts 01604 | * <br> * <br> * <br> * |
| And | * <br> * |
| STEVEN NATAUPSKY<br>346 Southbridge Street<br>Worcester, Massachusetts 01608 | * <br> * <br> * <br> * |
| DEFENDANTS. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1.      This is a class and collective action brought by Plaintiffs Ariah Goodine ("Goodine") and

Deseray Pina ("Pina") (together, "Plaintiffs") against Defendant Ye Olde Lamplighter II, Inc.

d/b/a the Lamplighter Gentlemen's Club located at 187 SW Cutoff, Worcester, Massachusetts

---

[1] To avoid retaliation, Plaintiffs have used the mailing address of their attorney.

01604 (hereafter "the Club") and its individual owner and controlling officer Steven Nataupsky,

individually ("Nataupsky") (together, "Defendants")

2.      During the relevant time period of September 2017 through the date of judgment in this

case ("the wage claim relevant period"), Plaintiffs and other similarly situated individuals

worked as exotic dancers for Defendants at the Club located in Worcester, Massachusetts, and

were denied their fundamental rights under applicable state and federal laws.

3.      During the wage claim relevant period, Defendants willfully and intentionally violated

the wage payment and wage/gratuity retention rights of Plaintiffs and all other exotic dancers at

the Lamplighter Club in direct violation of the Federal Fair Labor Standards Act, 29 U.S.C. §

201, *et seq*. ("FLSA"), the Massachusetts Minimum Wage Law, Mass. Gen. L. C. 151 §§ 1 and 7

("MMWL"), and the Massachusetts Tips Law, Mass. Gen. L. c. 149  § 152A ("MTL").

4.      Further, during the period of about at last September 2014 through the date of judgment

in this case ("the tax claim relevant period"),  Defendants issued facially false and incorrect IRS

Form W2 Tax Forms to Plaintiffs and other similarly situated individuals that worked as exotic

dancers for Defendants at their Lamplighter Gentlemen's Club in Worcester, Massachusetts.

5.      As a consequence of Defendants willfully and intentionally issuing Plaintiffs and other

exotic dancers facially false tax information returns, Plaintiffs and all other similarly-situated

dancers have a valid and enforceable private right of action against Defendants under 26 U.S.C.

§ 7434 ("the tax claim").

6.      Plaintiffs bring this class and collective action against Defendants seeking damages,

back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and

costs, and all other relief the Court deems just, reasonable, and equitable in the circumstances.

**PARTIES AND JURISDICTION**

12

7.      Plaintiffs are both adult residents of New Bedford, Massachusetts.

8.      Plaintiffs hereby affirm, in writing, their consent to participate as a Plaintiffs and class representative in a class and collective action under the FLSA, MMWL, the MTL, and the tax claim.

9.      The Club is a corporation, formed under the laws of Massachusetts, and operates as a strip club operating in Worcester, Massachusetts.

10.     At all times, Nataupsky, individually and through his officers, managers, supervisors, and other employees and contractors, controlled and dictated the day-to-day operations of the Lamplighter strip club.

11.     At all times, Nataupsky, individually and through agents and assigns, supervised and directed the employment of Plaintiffs and other exotic dancers.

12.     At all times, Nataupsky, individually and through agents and assigns, had the power to hire, discipline, suspend, or terminate the employment of Plaintiffs and other exotic dancers.

13.     Both Defendants qualified as Plaintiffs' employer and the employer of all other exotic dancers at Defendants' Lamplighter strip club, within the meaning of the FLSA, MMWL, MTL, and the tax claim.

14.     During the relevant period, Defendants had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

15.     This Court has personal jurisdiction over Defendants, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated MMWL and MTL state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## FACTS

16.     Plaintiffs was employed by Defendants as exotics dancers at Defendants' Lamplighter strip club for the period of at least 2017 through about March 2020.

17.     During the period of their employment, Plaintiffs worked about 3-5 shifts per week for an average total of about twenty-eight (28) (or more) hours per week.

18.     During the wage claim relevant period, Defendants paid Plaintiffs and other similarly-situated exotic dancers at Lamplighter by way of payroll at the direct payroll wage of $3.75 per hour.

19.     During the wage claim relevant period, Defendants attempted to utilize the Federal and Massachusetts "tip credit" method of compensation to pay Plaintiffs and other similarly-situated exotic dancers.

20.     During the wage claim relevant period, Defendants paid Plaintiffs and other similarly-situated exotic dancers by payroll that reflected payment of direct wages to Plaintiffs and other similarly-situated dancers at the hourly rate of $3.75 per hour.

21.     During the wage claim relevant period, Defendants charged Plaintiffs and other similarly-situated dancers a mandatory house fee kickback of $30.00 or more that Plaintiffs and other similarly-situated dancers were required to pay to per shift.

22.     When the on-the-books payroll wages Plaintiffs and other similarly-situated dancers received from Defendants is adjusted to account for the mandatory house fee kickback Plaintiffs and other similarly-situated dancers were required to pay Defendants each shift, the actual net wages Defendants paid Plaintiffs and other similarly-situated dancers calculates to $0.00 per hour, and often times, a net-negative regular hourly rate.

23.     As a direct result of the kickback fees Plaintiffs and other similarly-situated dancers paid

12

to Defendants each shift, Defendants failed to pay Plaintiffs and other similarly-situated dancers an hourly rate less at least equal to the minimum permissible FLSA and Massachusetts "tip credit" minimum wage rate.

24.     At no time during the wage claim relevant period did Defendants pay Plaintiffs or other similarly-situated dancers at an hourly rate at least equal to the Federal or Massachusetts minimum wage.

25.     At all times during the wage claim relevant period, Defendants, including the club's managers and other non-customarily tipped employees, engaged in regular and ongoing deductions and assignments of and from Plaintiffs and other similarly-situated dancers' tips.

26.     At all times during the wage claim relevant period, Defendants refused to allow Plaintiffs or other similarly-situated dancers to keep or retain all the tips each received from Defendants' customers.

27.     Defendants now owe Plaintiffs and each other similarly situated dancer unpaid wages equal to their "free and clear" minimum wage compensation for their entire employment relationship with Defendants.

28.     Defendants now owe Plaintiffs and each other similarly situated exotic dancers:  (1) repayment of any amount paid to the club by way of kickback, fee, fine, or charge; (2) repayment of tips unlawfully taken or assigned by Defendants; plus (3) payment of the full applicable Federal and/or Massachusetts Minimum Wage for each hour worked.

29.     Defendants owe Plaintiff Goodine "free and clear" minimum wage compensation in the amount of about forty-four thousand dollars ($44,000.00).

30.     Defendants owe Plaintiff Pina "free and clear" minimum wage compensation in the amount of about forty-four thousand dollars ($44,000.00).

31.     During the tax claim relevant period, Defendants issued to Plaintiffs and other similarly-situated dancers yearly IRS W2 tax information returns.

32.     During the tax claim relevant period, the IRS W2 tax information returns that Defendants issued to Plaintiffs and other similarly-situated dancers reflected that Defendants paid Plaintiffs and other similarly-situated dancers (and each received) payroll wages at the rate of $3.75 per hour, plus tips from Defendants' customers.

33.     During the tax claim relevant period, each IRS W2 tax information return that Defendants issued to Plaintiffs and other similarly-situated dancers was facially incorrect and did not accurately reflect the actual net wages Defendants paid (or rather did not pay) to Plaintiffs and  other similarly-situated dancers received because the IRS W2 tax information returns did not account for the mandatory per-shift kickback fee Plaintiffs and the other similarly-situated dancers paid to Defendants each shift worked.

34.     26 U.S.C. § 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

35.     Here, on a class-wide basis, Defendants violated 26 U.S.C. § 7434 because (1) Defendants issued Plaintiffs and other similarly-situated dancers tax information returns each year of their employment (an IRS Form W-2); (2) the information return Defendants issued to Plaintiffs and the other similarly-situated dancers was facially false and did not accurately reflect net wages Plaintiffs and the other similarly-situated dancers actually received; and (3) Defendants had actual knowledge the wage information on each information return issued to the Plaintiffs and the other similarly-situated dancers was false.

36.     Defendants now owe damages to Plaintiffs and all other similarly-situated dancers under

26 U.S.C. § 7434(b) in the statutorily mandated amount of $5,000.00 for each fraudulent information return issued, plus attorney's fees and costs.

## WAGE CLAIMS CLASS ALLEGATIONS

37.     Plaintiffs brings their Massachusetts wage and hour claims individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38.     The Rule 23 MMWL and MTL Class is defined in this matter as any individual, who at any time during the wage claim relevant time period, worked as an exotic dancer for Defendants at the Lamplighter strip club who was not paid  minimum wage compensation as required by Massachusetts law; and/or who was subject to unlawful wage/gratuity deductions or assignments by Defendants or their agents or assigns (hereinafter, "the Wage Class").

39.     On information and belief, the Wage Class is believed to exceed fifty (50) current and former exotic dancers at Defendants' Club and is therefore so numerous that joinder of all members is impracticable.

40.     There are questions of law and fact common to the Wage Class that predominate over any questions solely affecting individual members, including, but not limited to:

*       Whether Defendants violated Massachusetts law by failing to pay minimum wage compensation at least equal to the applicable Massachusetts Minimum Wage;

*       Whether Defendants unlawfully required class members to pay Defendants money or kickbacks as a condition of working shifts at the Lamplighter strip club;

*       Whether Defendants unlawfully required class members to split their tips and/or private and semi-private dance fees with Defendants and and/or Defendants' managers;

*       Whether Defendants complied, on a class-wide basis, with the Massachusetts "tip

credit" requirements;

\*     Whether Defendants violated the MMWL and/or the MTL; and

\*     The amount of damages and other relief (including statutory liquidated damages)

owed by Defendants to Plaintiffs and the Wage Class.

41. Plaintiffs' claims are typical of those of the Wage Class.

42. Plaintiffs, like other members of the Wage Class, were denied rights to wages and gratuities by Defendants under the MMWL and the MTL.

43. Defendants' denial of Plaintiffs' rights to wages and gratuities was done pursuant to a common business practice which affected all Wage Class members in a similar way.

44. Plaintiffs and the undersigned counsel are adequate representatives of the Wage Class.

45. Given Plaintiffs' loss, Plaintiffs have the incentive and is committed to the prosecution of this action for the benefit of the Class.

46. Plaintiffs have no interests that are antagonistic to those of the Wage Class or that would cause them to act adversely to the best interests of the Wage Class.

47. Plaintiffs have retained counsel experienced in class and collective actions and, in particular, litigation of wage and hour disputes.

48. Prosecution of the wage claims in this action are maintainable as a class action under Fed. R. Civ .P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Wage Class which would establish incompatible standards of conduct for Defendants.

49. Prosecution of the wage claims in this action are maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Wage Class

12

predominate over any questions affecting only individual members of the Wage Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

### TAX CLAIM CLASS ALLEGATIONS

50.     Plaintiffs brings their tax claims individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

51.     The Rule 23  26 U.S.C. § 7434 class is defined in this matter as any individual, who at any time during the tax claim relevant time period, worked as an exotic dancer for Defendants at the Lamplighter strip club whom Defendants issued a facially false IRS Form W2 tax information return because the earned wages identified on the tax information return did not calculate or otherwise account for fees and kickbacks paid by the individual to Defendants for each shift worked (hereinafter, "the Tax Claim Class").

52.     On information and belief, the Tax Claim Class is believed to exceed fifty (50) current and former exotic dancers at Defendants' Lamplighter strip club and is therefore so numerous that joinder of all members is impracticable.

53.     The question of law and fact common to the Tax Claim Class that predominates over any questions solely affecting individual members is whether Defendants, on a class-wide basis, violated 26 U.S.C. § 7434 by willfully and/or fraudulently issuing members of the Tax Claim Class individual tax information returns that were facially false and did not accurately identify each class member's earned wages.

54.     Plaintiffs, like other members of the Tax Claim Class, were denied rights to receive an accurate IRS Form W2.

55.     Defendants' denial of Plaintiffs' right to receive an accurate IRS Form W2 was done

pursuant to a common business practice which affected all Tax Claim Class members in a similar way.

56.     Plaintiffs and the undersigned counsel are adequate representatives of the Tax Claim Class.

57.     Given Plaintiffs' loss, Plaintiffs have the incentive and are committed to the prosecution of this action for the benefit of the Class.

58.     Plaintiffs have no interests that are antagonistic to those of the Tax Claim Class or that would cause them to act adversely to the best interests of the Tax Claim Class.

59.     Plaintiffs have retained counsel experienced in class and collective actions and litigation of disputes under 26 U.S.C. § 7434.

60.     Prosecution of the tax claims in this action are maintainable as a class action under Fed. R. Civ .P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Tax Claim Class which would establish incompatible standards of conduct for Defendants.

61.     Prosecution of the wage claims in this action are maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Tax Claim Class predominate over any questions affecting only individual members of the Tax Claim Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

62.     Plaintiffs are pursuing this lawsuit as collective action under FLSA Section 216(b) on behalf of themselves and all other similarly-situated individual who at any time during the wage

claim relevant time period worked for Defendants as an exotic dancer at Defendants' Club and was not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

63.    Plaintiffs and the members of the Collective are similarly-situated because each were (1) were not paid any wages by Defendants for hours worked; (2) were victims of tip theft whereby Defendants kept and/or assigned to management their tips and gratuities received from customers; (3) were required to pay per-shift house fee or kickback to Defendants for each shift worked; and (4) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

64.    Plaintiffs' damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Defendants for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendants and/or Defendants' management; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendants' failure to pay minimum wage compensation as required by the FLSA.

65.    On information and belief, Defendants has employed at least fifty (50) current and former exotic dancers at Defendants' Lamplighter strip club in the past three (3) years.

66.    On information and belief, Defendants are in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendants at the Lamplighter strip club in the past three (3) years.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA

12

(Failure to Pay Statutory Minimum Wages)

67.     Plaintiffs hereby incorporate all the preceding paragraphs by reference as if fully set forth herein.

68.     The FLSA required Defendants to pay Plaintiffs and other similarly-situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

69.     The FLSA required that Defendants allow Plaintiffs and other similarly-situated exotic dancers to keep all tips and gratuities received from customers.

70.     As set forth above, Defendants failed to pay Plaintiffs and other similarly-situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

71.     Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiffs and other similarly-situated exotic dancers and belonging to Plaintiffs and other similarly-situated exotic dancers.

72.     Defendants' failure to pay Plaintiffs and other similarly-situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

COUNT II
VIOLATION OF MASSACHUSETTS MINIMUM WAGE LAW
(Failure to Pay Statutory Minimum Wage)

73.     Plaintiffs hereby incorporate all the preceding paragraphs by reference as if fully set forth herein.

74.     The MMWL required Defendants to pay Plaintiffs and other similarly-situated exotic dancers at an hourly rate at least equal to the Massachusetts Minimum Wage.

75.     The MMWL required that Defendants allow Plaintiffs and other similarly-situated exotic dancers to keep all tips and gratuities received from customers.

76.     As set forth above, Defendants failed to pay Plaintiffs and other similarly-situated exotic

dancers at hourly rates in compliance with the MMWL Massachusetts Minimum Wage requirements.

77.     Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiffs and other similarly-situated exotic dancers and belonging to Plaintiffs and other similarly-situated exotic dancers.

78.     Defendants' failure to pay Plaintiffs and other similarly-situated exotic dancers as required by the MMWL was willful and intentional and was not in good faith.

COUNT III<br>VIOLATION OF THE MASSACHUSETTS TIPS LAW<br>(Unlawful Wage Deductions and Assignments of Customer Tips)

79.     Plaintiffs hereby incorporate all the preceding paragraphs by reference as if fully set forth herein.

80.     The MTL forbids unlawful and unauthorized deduction and/or assignment by Defendants of moneys provided by customers to Plaintiffs and other exotic dancers.

81.     As set forth above, without legal excuse or justification, Defendants regularly and customarily deducted, assigned, and/or kept moneys paid by customers to Plaintiffs and other similarly-situated exotic dancers as a gratuity or tip or as customer payment for a stage dance and/or a performance of a private or semi-private dance in designed VIP areas of the Lamplighter strip club.  This money was deducted, assigned, and/or kept by Defendants or their agents notwithstanding that it was the intent of the customer that Plaintiffs or the other similarly-situated exotic dancer receive and keep the money.

82.     Defendants' unlawful deductions and assignments from of Plaintiffs and other similarly-situated exotic dancers were willful and intentional and were in direct violation of protections set forth under the MTL.

## COUNT III
## VIOLATION OF THE MASSACHUSETTS TIPS LAW
(Unlawful Wage Deductions and Assignments of Customer Tips)

83.     Plaintiffs hereby incorporate all the preceding paragraphs by reference as if fully set forth herein.

84.     During the tax claim relevant time period, Defendants issued Plaintiffs and other similarly-situated exotic dancers yearly IRS W2 tax information returns (reflecting payroll wages) that were facially incorrect and did not accurately reflect the actual net wages Plaintiffs and other similarly-situated dancers received.

85.     26 U.S.C. § 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

86.     Here, because (1) Defendants issued Plaintiffs and other similarly-situated dancers tax information returns each year of their employment (an IRS Form W-2); (2) the information return was facially false and did not accurately reflect net wages actually received by Plaintiffs and other similarly-situated dancers; and (3) Defendants had actual knowledge the wage information on the information returns issued to Plaintiffs and other similarly-situated dancers was false.

87.     Defendants now owe damages to Plaintiffs and all other similarly-situated dancers under 26 U.S.C. § 7434(b) in the statutorily mandated amount of $5,000.00 for each fraudulent information return issued, plus attorney's fees and costs.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiffs, individually and on behalf of those similarly-situated, prays for relief as follows:

A. Permitting Plaintiffs' Wage Class claims under the MMWL and MTL to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B. Permitting Plaintiffs' Tax Claim Class claims under 26 U.S.C. § 7434 to proceed as a Class Action under Federal Rule of Civil Procedure 23;

C. Permitting Plaintiffs' FLSA minimum wage claims to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

D. Judgment against Defendants for failing to pay free and clear minimum wage compensation to Plaintiffs and other similarly situated individuals as required by the MMWL;

E. Judgment against Defendants for failing to pay free and clear minimum wage compensation to Plaintiffs and other similarly situated individuals as required by the FLSA;

F. Judgment against Defendants for unlawfully taking and/or assigning tips and gratuities and other monies paid by customers to Plaintiffs and other similarly situated individuals and belonging to Plaintiffs and other similarly situated individuals in violation of the MTL;

G. Judgment against Defendants for unlawfully taking deductions, kickbacks, fees, fines, and assignments from wages of Plaintiffs and other similarly situated individuals in violation of the MTL.

H. Judgment against Defendants under 26 U.S.C. § 7434(b) in the statutorily mandated amount of $5,000.00 for each fraudulent information return issued to Plaintiffs and

each class member for each year during the tax claim relevant period.

I.  Judgment that Defendants' violations of the MMWL and MTL minimum wage and wage payments requirements were not the product of good faith on the part of Defendants;

J.  Judgment that Defendants' violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendants;

K.  Judgment that Defendants' violations of the MMWL and MTL minimum wage and wage payment requirements were willful;

L.  Judgment that Defendants' violations of the FLSA minimum wage requirements were willful;

M.  An award to Plaintiffs and those similarly-situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiffs and each similarly-situated individual;

N.  An award to Plaintiffs and those similarly-situated in the amount of all tips and gratuities and other related monies unlawfully taken and/or assigned by Defendants and/or Defendants' management;

O.  An award to Plaintiffs and those similarly-situated in the amount of all deductions, kickbacks, fees, fines, and assignments from wages taken and/or assigned by Defendants and/or Defendants' management;

P.  An award of statutory liquidated damages in amounts prescribed by the MMWL;

Q.  An award of statutory liquidated damages in amounts prescribed by the MTL.

R.  An award of statutory liquidated damages in amounts prescribed by the FLSA;

S.  An award of attorneys' fees and costs to be determined by post-trial petition;

T. Leave to add additional plaintiffs by motion, the filing of written consent forms, or

    any other method approved by the Court; and

U. Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: September 2, 2020

/s/ Michael D. Pushee
Michael D. Pushee (#657343)
Formisano & Co., P.C.
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691 (ph)
E-mail: mpushee@formisanoandcompany.com


/s/ Gregg C. Greenberg
Gregg C. Greenberg (MD Fed. Bar No. 17291)
(To Be Admitted *Pro Hac Vice*)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Counsel for Plaintiff and the Class / Collective*


## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 2nd day of September, 2020 and is available for viewing and downloading from the ECF system.

/s/ Michael D. Pushee